[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] SUPPLEMENTAL MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT #1 OF LEVY DRONEY AND VITALE
On September 15, 1999, this court issued a memorandum of decision on Defendants Levy Droney's ("Levy") and Joseph Vitale's ("Vitale") Motion for Summary #1, which had been the subject of oral argument on September 7, 1999. The movants have requested clarifications of that ruling in several respects.
Counts 125-157
CT Page 13251
The text of Levy's and Vitale's Motion for Summary Judgment #1, dated June 4, 1999, contains no reference to Counts 125-157, which were not contained in the version of the complaint to which that motion was directed. The movants now note that they had expanded that motion, not by filing a new motion, but by a notation in a footnote in their reply brief filed on August 20, 1999.
The plaintiffs have filed no response to the movants' request for clarification concerning the court's ruling on the motion with regard to Counts 125-157, and they did not object at oral argument to the expansion of the motion by means of a footnote notation. The court concludes, therefore, that the plaintiffs accept that this motion was addressed to Counts 125-157 and issues the following ruling on the motion as it applies to those counts.
In their footnote, the movants stated that in their view,
 the plaintiffs' claims pursuant to Restatement (Second) of Torts § 876(c) that were set forth in counts 15-24, 97-101, 104-112, and 120-124 of the previous (November 19, 1998) complaint have been removed from those counts and restated in corresponding new counts 125 through 157. Accordingly, Counts 15-24, 97-101, 104-112 and 120-124 (all labeled "aiding and abetting") are no longer subject to this motion, although Counts 125 through 157 (labeled "acting in concert") are.
In fact, the July 22, 1999 complaint continues to contain claims of acting in concert at Counts 15-24, 97-101, 104-112, and 120-124 directed to, inter alia, Levy and Vitale. In addition, the July 22, 1999 complaint contains claims of "acting in concert" against these defendants in Counts 125-34. The movants' present position appears to be that the substance of their brief applies to both sets of counts; however, in the portion of its June 4, 1999 brief concerning the "aiding and abetting" counts, the movants stated at footnote 15 that "[t]he merits of [Restatement (Second) of Torts] § 876(b) claims are not at issue in this motion."
Counts 125-157 were added to the complaint when this court overruled the plaintiffs' objection to a request to revise filed by the CRSA defendants, who sought the separation of claims of "aiding and abetting" from those for "acting in concert." The CT Page 13252 plaintiffs observed in their objection that they "are only relying on § 876(b) and (c) of the Restatement of Torts (Second), not § 876(a)." The revised complaint filed on July 22, 1999, as to all defendants can thus be reasonably understood to be asserting claims of acting in concert, pursuant to both § 876(b) and § 876(c) in Counts 125-157.
Counts 125-157 are not labeled as stating claims of acting in concert based on any particular section or subsection of the Restatement.
This court ruled in its memorandum of decision on this motion issued September 15, 1999, that Levy and Vitale in his role as legal counsel to East Hill Woods did not owe duties to the plaintiffs. Section 876(c) of the Restatement recognizes liability in tort for harm to another if the actor "(c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person." Since East Hill Woods' lawyers did not owe a duty to the plaintiffs, as persons with whom their client was dealing, the lawyers are entitled to summary judgment to the extent that these counts are based on § 876(c).
The issue of Vitale's duty to the plaintiffs in his role as an officer and trustee has not been shown to be a matter of undisputed fact, and he is not entitled to summary judgment.
Omission of Reiteration in Conclusion Paragraph of Ruling
The movants request that the court clarify its ruling on Counts 28-31, 34, 35, 38, 39, 42, and 43. The text of the memorandum of decision dated September 15, 1999, very clearly states at pages 20-22 the court's determinations as to these counts, but it fails to repeat those determinations in the paragraph headed Conclusion. In the Conclusion paragraph below, the court addresses this omission.
Conclusion
The motion for summary judgment is granted as to Levy and as to Vitale in his capacity as legal counsel for East Hill Woods as to claims of acting in concert based on Restatement (Second) of Torts § 876(c) in Counts 125-157. It is denied as to claims of acting in concert in those counts based on § 876(b). It is CT Page 13253 denied as to claims against Vitale in his capacity as officer and trustee.
The motion was previously granted as to Levy and as to Vitale in his capacity as legal counsel for East Hill Woods as to Counts28-31, 34, 35, 38, 39, 42, and 43. It was denied as to Vitale in his capacity as officer and trustee as to those counts.
Beverly J. Hodgson Judge of the Superior Court